People of the State of Illinois, Defendant in Error, v. Delbert Browning, Plaintiff in Error.

298

Opinion filed November 8, 1939.

MATHENEY & WELKER, of Vandalia, for plaintiff in error.

WM. FLOYD SONNEMANN, of Vandalia, for defendant in error.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

Plaintiff in error, Delbert Browning, was found guilty of larceny of a dog in the circuit court of Fayette county on an indictment which charged him, in one count, with the crime of larceny of a bird dog and, in two succeeding counts, with knowingly receiving said stolen property and preventing the owner from repossessing his property of the value of $50, the same being the property of one William Beuthien. The jury found the value of the dog to be $14 and the age of the defendant to be 55 years. Motions for new trial and in arrest of judgment were overruled and the plaintiff in error was sentenced to the Illinois State Farm at Vandalia for a term of seven months and was fined $10 and costs.

From such conviction and sentence plaintiff in error prosecutes this writ of error. The evidence for the State was entirely circumstantial. It was shown that the plaintiff in error knew the owner of the stolen dog and also that the plaintiff in error had been a hunter for a period of 20 years and had frequently visited his father's home near the home of the owner of the stolen dog. It was shown that the owner kept the dog, which

was trained, in a woven wire pen in his back yard and that he last saw the dog on a Tuesday and missed him the next day, but saw the dog again on the Thursday following, when the deputy sheriff and plaintiff in error returned such dog to the owner. It was, likewise, shown that on Tuesday night the plaintiff in error visited a dealer in dogs and attempted to make a sale of the dog in question, but that no sale was made. The deputy sheriff, to whom the theft of the dog was reported, made investigation and, upon hearing that the plaintiff in error had attempted to sell a dog, got in touch with him on the telephone. Plaintiff in error voluntarily met the deputy and stated to him that he had purchased the dog on Tuesday night, but that if anyone claimed the dog he would surrender it. The deputy sheriff and plaintiff in error thereupon got the dog and returned it to the owner.

Defendant testified in his own behalf and stated that he is engaged in the general trucking business. He directly denied that he had taken the dog in question, but asserted he had purchased it from a man who said his name was Adams. He produced a witness who said he was present at the time the dog was purportedly purchased and he, likewise, told of his attempt to sell the dog, in which he was also corroborated.

The State's case rested almost solely upon the fact that the plaintiff in error was in exclusive possession of the stolen dog soon after it was stolen. Plaintiff in error's defense was founded principally on his explanation of such possession, in which he contended that he purchased the dog and made the statement as to his movements referred to in the facts herein recited.

Plaintiff in error relies for reversal principally upon the giving of the following instructions on behalf of the prosecution, "The Court instructs the jury, as a matter of law, that the recent and unexplained possession of stolen property soon after the theft was

committed tends to establish the guilt of the person in whose possession it was found. That fact, of itself, if you believe from the evidence beyond a reasonable doubt it is a fact, is sufficient to authorize a conviction unless the inference of guilt thereby raised is overcome by other facts and circumstances in evidence which create in the minds of the jury a reasonable doubt of such guilt.''

Complaint is made by plaintiff in error particularly of the words ''unexplained possession'' and the contention is persuasively made that the issue under the facts for the jury was whether or not the explanation of plaintiff in error was reasonable and believable and that the instruction in its form might cause the jury to assume that the possession was unexplained and that the possession in and of itself was sufficient to authorize a conviction.

In *People v. Lehner,* 326 Ill. 216, an instruction of similar nature was construed by our Supreme Court, where an explanation of possession of the stolen property had likewise been the basis of the defense. In considering such instruction, the court says (at page 225):

''The foregoing instruction was likely to mislead the jury. It assumes, in the first place, that the possession of the recently stolen property was not explained by the defendant. His explanation, whether truthful or otherwise, was his real and only defense to the charge of larceny. It is true that the recent, exclusive and unexplained possession of stolen property soon after the theft was committed is sufficient to authorize a conviction. In a case where the defendant offers an explanation of his possession of the stolen property it is the province of the jury to consider that explanation together with all the other facts in the case, and if, after such consideration, the jury have a reasonable doubt of the defendant's guilt it is their duty to return

a verdict of not guilty. . . . The jury should have been so instructed without leaving them to believe or to assume that such possession was unexplained by the defendant.''

The observations of the court in *People v. Lehner, supra,* are equally applicable in the instant case. The defense of the plaintiff in error consisted of his explanation of how the dog had come into his possession, in which he was corroborated by one witness. Under the circumstances to instruct the jury with reference to ''unexplained possession'' was highly prejudicial. Instructions should not only state the law correctly, but should be applicable to the case and should not have a tendency to mislead the jury (*People v. Lawson,* 351 Ill. 457).

Other points are raised by the parties to this cause, but in view of the conclusion of this court in this matter, there is no need to dwell upon such points. It should, however, be observed that this court is cognizant of the contention of defendant in error, that it is well settled that unless, upon a new trial, a different result might reasonably be expected, a court of review will not reverse the judgment of the lower court for an error in giving of instructions. In the instant case, however, the court feels that such principle is not applicable. The plaintiff in error testified that he purchased the dog, and in this he was corroborated by another witness. In view of the propensity of the instruction which was given, to mislead the jury, as indicated in this opinion, this court cannot say that a different result might not be reached by another jury on a retrial in this matter.

The judgment of the circuit court of Fayette county will, therefore, be reversed, and the cause remanded.

*Reversed and remanded.*